# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LIONEL FALCON,

Petitioner,

v.

LYDIA C. HENSE, Warden,

Respondent.

/

1:09-CV-00660 OWW GSA HC

FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Merced, following his conviction by guilty plea on May 3, 1988, to second degree murder and manslaughter. On May 31, 1988, Petitioner was sentenced to serve an indeterminate term of nineteen years to life in state prison.

On April 13, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On April 14, 2010, the case was reassigned to the undersigned. In his petition, Petitioner claims the parole board has violated the terms of his plea bargain and his due process rights under the Constitution by denying him parole for the fourth time.

[1]This information is derived from the petition for writ of habeas corpus.

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In his first claim for relief, Petitioner contends the parole board has violated the terms of the plea agreement he entered into on May 3, 1988. He states the agreement was for Petitioner to plead guilty to one count of second degree murder and one count of manslaughter. He states the agreement consisted of Petitioner serving a 3-year parole condition "when paroled." Petitioner points to the plea colloquy, as follows:

> THE COURT: Do you understand that if you are sent to prison and you are released from state prison, following your incarceration you may be subject to parole of up to three years?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you further understand that if you should violate the terms and conditions of your parole, you may be back into prison for at least another year?
> THE DEFENDANT: Yes, sir.

(Pet. at 5a-2.)

Petitioner states the parole board has violated the promises recited above by denying him a parole date. The Court finds the claim to be completely without merit. Nowhere in the plea colloquy is there a promise of release on parole after a certain amount of time served. The sentence, as Petitioner states, is for 19 years to life, with life being the maximum. In the plea colloquy, the sentencing court specifically states Petitioner may be subject to parole for up to three years *if* he is released from state prison, not *when*. Since the claim is plainly without merit, it should be dismissed from the petition.

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that Ground One of the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of this order, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **April 16, 2010**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE