UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIONEL FALCON, | ) | 1:09-CV-00660 AWI GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| LYDIA C. HENSE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 13, 2009, Petitioner filed a petition for writ of habeas corpus. He challenges the California court decisions upholding a January 22, 2008, decision of the California Board of Parole Hearings. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

**DISCUSSION**

On January 24, 2011, the Supreme Court issued its opinion in Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011). In Swarthout, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts." Id., 131 S.Ct. at 863. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due

1  process is limited to determining whether the prisoner "was allowed an opportunity to be heard and
2  was provided a statement of the reasons why parole was denied." <u>Id.</u>, at 862, *citing*, <u>Greenholtz v.</u>
3  <u>Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).  Review of the instant case
4  reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was
5  provided a statement of reasons for the parole board's decision. (<u>See</u> Answer Ex. A.) According to
6  the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into
7  whether [the prisoner] received due process."  <u>Swarthout</u>, 131 S.Ct. at 862. "The Constitution does
8  not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16. Therefore, the instant petition does not
9  present cognizable claims for relief, and no cognizable claim could be raised if leave to amend were
10 granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971). The petition should be dismissed.

**RECOMMENDATION**

12      Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus
13 be DISMISSED.

14      This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
15 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
16 the Local Rules of Practice for the United States District Court, Eastern District of California.
17 Within fourteen (14) days after service of the Findings and Recommendation, any party may file
18 written objections with the court and serve a copy on all parties.  Such a document should be
19 captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
20 objections shall be served and filed within fourteen (14) days after service of the objections.  The
21 Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
22 parties are advised that failure to file objections within the specified time may waive the right to
23 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

25      IT IS SO ORDERED.

26      **Dated:   April 24, 2012**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE